UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10120-RGS

MARGARET V. POWELL

v.

MBTA

MEMORANDUM AND ORDER

February 12, 2020

STEARNS, D.J.

On January 21, 2020, Margaret V. Powell filed a *pro* se complaint against the Massachusetts Bay Transportation Authority ("MBTA"), a motion for leave to proceed *in forma pauperis* and for appointment of counsel, and a subpoena that appears to be intended for the defendant. For the reasons stated below, the court will deny the motion without prejudice. Because it appears that the court lacks subject matter jurisdiction over the complaint as currently pled, the court will also direct Powell to file an amended complaint.

## I.     Motion to Proceed *in Forma Pauperis*

A person seeking leave to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all the litigant's

assets and shows that she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Here, in her one-sentence statement of assets, Powell represents that she "holds no possessions of any significant value, has no income and has no real estate." This financial affidavit is insufficient because it does not show how Powell is able to access the basic necessities of life. Without this information, the court cannot determine whether she qualifies for *in forma pauperis* status. Accordingly, the court will deny the motion without prejudice.

## II.    Review of the Complaint

In her one-page complaint, which bears the title "Replevin," Powell alleges that the MBTA wrongfully withheld or damaged her personal property. According to Powell, she was arrested by the MBTA police on November 26, 2019. On December 12, 2019, she asked the MBTA police to return her personal property that had presumably been taken from her when she was arrested. Items returned to Powell were damaged, and other items were simply not returned. Powell does not make a demand for damages, but she does ask for the "immediate return of all these items that were in the sole possession of the MBTA police for the entirety of her incarceration." Compl. at 1. Powell states that she is not a citizen of Massachusetts.

Exercising its inherent authority to review pleadings, *see Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)), or present jurisdictional issues, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), the court has conducted a preliminary review of the complaint. The court concludes that Powell's claim, as pled, does not set forth a claim over which this court may exercise jurisdiction.

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse "citizenship" and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Powell has failed to plead a claim arising under federal law. She captions her complaint "Replevin," which is a state law claim. She does not identify, nor can the court surmise, a federal law that would support her claim against the MBTA. Characterizing Powell's claim as one under 42

U.S.C. § 1983 ("§ 1983") would not cure the problem. Section § 1983 provides that any "person," acting under the color of state law, who violates the federal rights of another "shall be liable to the party injured." 42 U.S.C. § 1983. However, a state is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Thus, as an agency of the Commonwealth of Massachusetts, the MBTA cannot be sued under § 1983.[1]

Diversity subject matter jurisdiction under § 1332 does not exist because the amount in controversy does not exceed $75,000. Powell complains of damage to or disappearance of various items of personal property, including two backpacks, two jackets, a flash-drive containing sensitive information, a pair of pants, knife, and a bivouac bag. While the court assumes that these items hold great value and utility for Powell, nothing in the complaint suggests that the amount in controversy for their damage or disappearance could exceed $75,000.

## ORDER

In accordance with the foregoing, the court hereby orders:

---

[1] State officials acting in their individual capacities who were directly involved in the deprivation of another's federal rights may be sued under § 1983. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005).

1.      The motion for leave to proceed *in forma pauperis* is DENIED without prejudice.  If Powell wishes to proceed with this action, she must, within thirty-five (35) days, pay the $400 filing fee or file a renewed motion for leave to proceed *in forma pauperis* in which she indicates how she is able to afford the basic necessities of life.  The Clerk shall provide Powell with an Application for Leave to Proceed in District Court without Prepaying Costs or Fees, which Powell may complete and file as a motion for leave to proceed *in forma pauperis.*

2.      The motion for counsel is DENIED without prejudice.

3.      If Powell wishes to pursue this action, she must, within thirty-five (35) days, file an amended complaint in which she asserts a claim over which this court has subject matter jurisdiction.  Failure to comply with this directive will result in dismissal of this case without prejudice.

**SO ORDERED.**

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE